# United States Court of Federal Claims

No. 17-860 C

Filed: January 31, 2018

---

**SACRAMENTO SUBURBAN WATER DISTRICT,**

   *Plaintiff*,

v.

**UNITED STATES OF AMERICA,**

   *Defendant.*

---

Public Water System; Carcinogenic Hexavalent Chromium; Maximum Contamination Regulations; Inverse Condemnation Action

---

*Matthew K. Edling*, *Esquire*, Sher Edling LLP, San Francisco, CA, for plaintiff.

*Lucinda J. Bach*, *Esquire*, United States Department of Justice, Environmental and Natural Resources Division, Washington, DC, for defendant.

## ORDER AND OPINION

**Hodges,** *Senior Judge.*

Plaintiff's Complaint alleges that the United States Government through its agent, McClellan Air Force Base, caused chromium contamination of an aquifer that provides drinking water that it sells to the public. This is an inverse condemnation action seeking compensation for resulting damages in the amount of $1,118,120,402. Defendant filed a motion to dismiss for lack of jurisdiction.

Plaintiff filed separate tort claims based on similar allegations in California federal district court. That court has stayed proceedings pending a ruling in the Court of Federal Claims on defendant's motion to dismiss. Plaintiff filed a similar case in our court. *See Rio Linda Elverta Cmty. Water Dist. v. United States*, 1:17-cv-00859-RHH.

Plaintiff filed its Complaint in 2017, and this Opinion is entered in January 2018. No state or federal regulation in place limits the amount of Chromium contamination of drinking water in California below fifty parts per billion during that time. Such a limitation cannot exist before the year 2020, if then. Therefore, Plaintiff's Complaint is premature; it does not present a "case or controversy" as provided by the United States Constitution. See U.S. Const. art. III, § 2. We must grant defendant's motion to dismiss for lack of jurisdiction.

# BACKGROUND

McClellan Air Force Base is a military facility located in Sacramento County, California. It was decommissioned in 2001. Sacramento Suburban Water District is a public water system that operates under California Water Code § 30000. It supplies drinking water to 175,000 customers in northwestern Sacramento County.

The state of California enacted a regulation in 2014 to limit the presence of "carcinogenic hexavalent chromium" in public drinking water to ten parts per billion, effective after January 1, 2020. A state court invalidated the regulation in 2017, and ordered the State Water Resources Control Board to establish new limits.

Sacramento Suburban alleges that some of its wells contain concentrations of Chromium that exceed the ten parts per billion limitation enacted in 2014, and it expects to prove that the Chromium levels resulted from manufacturing activities at McClellan Air Force Base. Sacramento Suburban has removed wells from service in anticipation of the mandatory 2020 limits of Chromium, and it has installed expensive equipment to treat the expected contamination.

# STANDARD OF REVIEW

In considering this motion to dismiss for lack of subject matter jurisdiction, we accepts as true all uncontroverted factual allegations in the complaint, and construe them in a light most favorable to the plaintiff. RCFC 12(b)(1). Plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.

"The judicial power of the federal courts is constitutionally restricted to 'cases' and 'controversies.'" *Flast v. Cohen*, 392 U.S. 83, 94 (1968). The Court of Federal Claims applies the case or controversy doctrine. *See Anderson v. United States*, 344 F.3d 1343, 1349-50 n.1 (Fed. Cir. 2003); *see also CW Government Travel, Inc. v. United States*, 46 Fed. Cl. 554, 557-58 (2000). A party seeking to invoke federal jurisdiction must show "an injury in fact, i.e., a concrete and particularized, actual or imminent invasion of a legally protected interest." *Lujan v. Defs. Of Wildlife*, 504 U.S. 555 (1992). A claim is not ripe for judicial review when it is contingent on a future event that may or may not occur. *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985). Put another way, "a claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998).

# DISCUSSION

The parties have raised and argued several legal issues, including the application of 28 U.S.C. § 1500, but it seems clear that the more pressing jurisdictional concern is whether

plaintiff's allegations present a "case or controversy" according to the requirements of the United States Constitution. *See Flast*, 392 U.S. at 94.

Plaintiff states that they must comply with California's maximum contamination regulations for chromium or suffer penalties, even though no such regulations are currently in effect. Moreover, it acknowledges that the lower maximum vacated earlier may remain after economic feasibility studies are complete; the Complaint also admits that the state is still developing a mandatory maximum.

An inverse condemnation action cannot be based on regulations that may or may not affect plaintiff's property two years hence. Any damages to plaintiff from the possibility that maximum contamination regulations could become effective in January 2020 at a particular level are self-inflicted. Its expenses of shutting down two wells and installing pollution equipment on others are voluntarily incurred and cannot therefore be legally assessed against defendant at this time and in these circumstances.

## CONCLUSION

Plaintiff has not shown that it has suffered a real injury to date; any possibility that its water sources may be damaged in the future is speculative. Defendant's motion to dismiss for lack of jurisdiction is **GRANTED**. Plaintiff's motion for a stay of proceedings is moot and therefore **DENIED**. The Clerk of Court will dismiss plaintiff's Complaint. No costs.

**IT IS SO ORDERED.**

s/*Robert H. Hodges, Jr.*

Robert H. Hodges, Jr.
Judge